Ada **MONTANEZ–BAEZ,** et al., Plaintiffs

v.

**PUERTO RICO PORTS AUTHORITY,** et al., Defendants.

**Civil No. 07–1211.**

United States District Court, D. Puerto Rico.

Sept. 19, 2007.

Jeannette M. Lopez, Pinto–Lugo, Oliveras & Ortiz, PSC, San Juan, PR, for Plaintiffs.

Francisco Agrait–Oliveras, Agrait Llado Law Office, Diego A. Ramos, Roberto A. Camara–Fuertes, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER

SALVADOR E. CASELLAS, Senior District Judge.

Pending before the Court are Co-defendant American Airlines' (hereinafter American) Motion to Strike Plaintiffs' Belated Jury Demand (Docket # 14) and its Motion to Dismiss Claims by Co-plaintiff Marte–Almonte (Docket # 15). Plaintiffs opposed both motions (Dockets ## 20 and 21, respectively) and American replied (Dockets ## 23 and 24, respectively). Upon consideration of the parties' filings and the applicable law, American's Motion to Strike Jury Demand (Docket # 14) and its Motion to Dismiss (Docket # 15) will be **GRANTED.**

## Factual Background

Because we are at the motion to dismiss stage, we set forth the facts relevant to the instant motions, as they are pleaded in the complaint. On November 28, 2005, Plaintiffs Ada Montañez–Báez and her husband Antonio Marte–Almonte traveled from Santo Domingo, Dominican Republic to the Luis Muñoz Marín Airport in Carolina, Puerto Rico aboard American Flight # 5037. As they went from the American Eagle terminal to the immigration area of the airport, Plaintiffs took an electric escalator. While on such escalator, Co-plaintiff Montañez–Báez suffered a serious fall in the presence of her husband and other travelers. Co-plaintiff Montañez–Báez allegedly suffered and continues to suffer physical and emotional damages as a result of the fall. Co-plaintiff Marte–Almonte allegedly suffers and continues to suffer emotional pain and mental anguish as a result of seeing his wife suffer.

## Procedural Background

Plaintiffs originally filed their complaint in the Court of First Instance, Carolina Part, on June 25, 2006. *See,* Docket # 1 and attachments thereto. After some procedural wrangling, on February 12, 2007, Plaintiffs filed a motion in the Court of First Instance to which they attached copies of ticket stubs of their travel from Santo Domingo to San Juan. *See,* Docket # 1, ¶¶ 11, 12, and 14 and attachments to Docket # 1. On March 14, 2007, American filed a Notice of Removal (Docket # 1), claiming federal jurisdiction existed under the Warsaw Convention, among other provisions. That same day, American filed with this Court its answer to Plaintiff's complaint (Docket # 3). On April 13, 2007, a new attorney for Plaintiffs filed a Notice of Appearance (Docket # 5). In that Notice, next to the caption of the case, Plaintiffs stated that they requested a trial by jury. Plaintiffs reiterated such request

in their Amended Complaint (Docket #10), which they filed after obtaining leave from the Court to do so (Dockets ## 7, 8). The instant motions to strike jury demand and to dismiss the claims by Co-plaintiff Marte–Almonte followed.

## Applicable Law and Analysis

### I. Timeliness of Jury Demand

Our ultimate conclusion as to allowing Plaintiffs to maintain their jury demand depends on the interplay between three Federal Rules of Civil Procedure:

(1) Fed.R.Civ.P. 81(c), which states, in relevant part:

These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. [ . . . ] If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition.

(2) Fed.R.Civ.P. 38(b) & (d), which in relevant part provide:

(b) Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue . . .

(d) The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury. [ . . . ]

(3) Fed.R.Civ.P. 39(b)

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

■ At the time American filed its Notice of Removal, it had yet to answer the complaint. As such, not all necessary pleadings had been served. Accordingly, in order to determine the timeliness of Plaintiffs' Jury Demand, we must refer to Fed.R.Civ.P. 38(b). Per such rule, Plaintiffs had to make their jury demand no later than ten days after service of the last pleading directed to the issue to be tried by jury. Thus, Plaintiffs had to file their jury demand within ten days of American's filing of its answer to the complaint; that is, Plaintiffs jury demand should have been filed on or before April 2, 2007.[1]

Plaintiffs' first attempt at requesting a jury trial came via their new attorney's April 13, 2007 "Notice of Appearance". Unfortunately for Plaintiffs, such Notice was filed twenty one working days after American had filed its answer. That time frame exceeds the one provided in Fed.R.Civ.P. 38(b) for making a jury demand.

Plaintiffs seek to excuse their untimely request for a jury trial by pointing to the fact that at the time of removal they were represented by an attorney who is not admitted to practice before the U.S. District Court for the District of Puerto Rico. Relying on that fact, and on their claim that no prejudice would befall American if the Court were to allow their untimely jury demand, Plaintiffs request that the

---

**1.** Although Fed.R.Civ.P. 38(b) refers to ten days, Plaintiffs actually had ten working days plus three additional days to timely file their request for jury trial. *See,* Fed.R.Civ.P. 6(a) & (e).

Court exercise its discretion and permit that this action proceed before a jury.

At first glance, Plaintiffs' argument that they were originally represented by a state court practitioner, unfamiliar with the Federal Rules of Civil Procedure garnered some sympathy from the Court. However, upon review of the filings, and as American argued, it appears that Plaintiffs' former attorney and Plaintiffs' current attorney both work for the same law firm. Thus, we are not faced with a solo practitioner who deals exclusively with state court cases, but rather with the member of a firm in which there are attorneys that practice in both fora. At the time of removal, then, Plaintiffs were represented by an attorney that even if unfamiliar with federal litigation had access to other attorneys who were knowledgeable in the procedural rules applicable in the U.S. District Court.

Plaintiffs' excuses for their delay in requesting a jury trial fail to move this Court to order a trial by jury under Fed.R.Civ.P. 39(b). Simply put, Plaintiffs had a time limit for requesting a jury trial and they failed to abide by it. This failure carries with it the consequence that Plaintiffs have waived their right to trial by jury. *See,* 9 Wright and Miller, Federal Practice and Procedure 2d § 2321 ("The key provision is Rule 38(d), which states that the failure of a party to serve and file a demand as required by Rule 38(b) constitutes a waiver by the party of trial by jury. [ . . . ] Waiver by failure to make a timely demand is complete even though it was inadvertent and unintended and regardless of the explanation or excuse.")

## II.  *Dismissal of Co-plaintiff Marte-Almonte's claims*

Under Rule 12(b)(6) in assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.,* 142 F.3d 507, 508 (1st Cir.1998) (citations omitted).

American argues that Co-plaintiff Marte-Almonte's claims must be dismissed because, taking as true all factual allegations in the complaint, his claims are not cognizable under the Warsaw Convention because he suffered no physical injuries. To finish off the argument, American contends that since the Warsaw Convention pre-empts local law, the fact that Co-plaintiff Marte-Almonte's may not be redressed under the treaty conclusively dooms his quest for relief. Plaintiffs oppose this contention and, instead, posit that the treaty does not impede plaintiffs with viable claims thereunder to also bring supplemental law claims. We agree with American that Co-plaintiff Marte-Almonte's claims must be dismissed.

■ Plaintiffs do not contest that the Warsaw Convention is applicable to Co-plaintiff Marte-Almonte's claims, that is, that such co-plaintiff seeks relief for damages suffered as a result of an event that took place in the course of disembarking from an international flight. *See, Acevedo-Reinoso v. Iberia Líneas Aéreas de España S.A.,* 449 F.3d 7, 13 (1st Cir.2006) ("The Convention's applicability rests on a determination of whether the passenger's injury occurred 'on board the aircraft or in the course of any of the operations of embarking or disembarking.' ") (citing Art. 17 of the Convention). Having determined that the Convention applies, we must now elucidate whether the facts, as alleged in the complaint, render American liable for Co-plaintiff Marte-Almonte's injuries. *See, Id.* (explaining that the Court must

first address the issue of applicability and then turn to the issue of liability because, if the Convention is not applicable, then it has no preclusive effect). Co-plaintiff Marte–Almonte does not allege that he suffered any physical injury as a result of the events alleged in the complaint; instead, he posits that he has suffered "great emotional pain and mental anguish from seeing his wife suffer." Docket # 10, ¶ 18. The problem with such a claim is that it is not cognizable under Article 17 of the Warsaw Convention, *see, Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 552, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991) ("an air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury"), and that the Convention, when applicable, preempts state law. *See, El–Al Israel Airlines Ltd. v. Tsui Yuan Tseng,* 525 U.S. 155, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999), *Acevedo–Reinoso,* 449 F.3d at 13 ("If the Convention applies in a particular case, it is preemptive, and the trier of fact must then determine whether the carrier is liable under the Convention.") (citing *El–Al Israel, supra* ).

### Conclusion

For the reasons stated above, American's Motion to Strike Jury Demand and its Motion to Dismiss Co-plaintiff Marte–Almonte's Claims are **GRANTED**. Partial Judgment will be issued accordingly.

**SO ORDERED.**